HaweiNS, J.,
dissenting.
I regret that I cannot concur in the opinion of my brother Judges, in this case.
Section 2836 of the Code, provides that the venue in civil cases may be changed.
Section 2837, declares the mode of making the application for the change.
Section 2838, provides: “If the presiding Judge, upon due consideration, should be of opinion that the cause set forth is good, and the truth thereof, evident and credibly supported, he shall allow the change asked for.”
It is clear to my mind, that the party making the application is not entitled to a change of venue, as a matter of course, upon a mere literal compliance with the provisions of section 2837. If he is, then all of sec. 2838, except the words, “he shall allow the change asked for,” is meaningless. By this section, it is clearly intended to be declared, that notwithstanding the party may have made the application in the prescribed form, he shall not be entitled to a change, unless, on due consideration, the Judge should be of the opinion, not only that the cause set forth is good, but also that the truth thereof is evident and credibly supported. It seems *222 to me, the construction given these sections by my brother Judges, practically denies to the presiding Judge, the exercise • of any discretion whatever, touching the application. ■ Surely the Legislature did not intend that the presiding Judge should go through with what, it seems to me, would be the farce of duly considering of the affidavits offered by the applicant, and ascertain from them alone: 1st, whether the cause set forth is good; 2d, whether the truth thereof is. evident; 3d, whether the application is credibly supported. He can ascertain, from the face of the affidavit of the applicant, whether the cause assigned be good; but how, I would ask, can he, if confined alone to the consideration of the ex parte affidavits presented by the applicant, ascertain whether the cause assigned be true or false, or whether the application is credibly supported? Suppose it be suggested to the presiding Judge, that the cause assigned is wholly untrue and without foundation, and that the application is not credibly supported — how, I would ask, can he ascertain whether the suggestion be true or false, if he be prohibited from all inquiry, and the exercise of all means of eliciting the truth, except on inspection and consideration of the ex parte affidavits offered by the applicant? ■ Can this be what is meant by “due consideration ?” Yet, as we have seen, he must be of the opinion, after due consideration, that the cause set forth is good, and the truth thereof evident and credibly supported, otherwise he is not authorized to order the change. With due deference to the opinion of my brother Judges, I must say it does seem to me, that a bare statement of the proposition, *223 is enough to convince the mind, the construction they have given to this Statute, is erroneous. The belief of the applicant may be well founded, or it may be the result of delusion, or the statement of the existence of a belief, that he cannot have a fair and impartial trial, owing to the existing prejudices against him, may be wholly false. Did the Legislature intend to give the applicant the right to a change of venue, as of course, upon his compliance with the provisions of sec. 2837? If such had been the intention, why were the provisions of sec. 2838 incorporated into the Act? I confess my inability to answer the question.
The bill of exceptions states, that the plaintiff offered counter affidavits, to which the defendants objected; but they are not set out in the record. The record is silent as to the character and contents of these counter affidavits, and wholly fails to show upon what ground the Judge refused to order the change— whether it was because he was of opinion the cause assigned was not good, or the truth thereof was not evident and credibly supported. Surely the order was properly refused, if the Judge was of opinion the cause assigned did not, in fact, exist, or that the application was not credibly supported. But before the Judge is authorized to order a change of venue, the applicant must satisfy the mind of the Judge, that the cause assigned, is, in fact, true, and that the application is credibly supported. It is the duty of the Judge to ascertain, upon due consideration, how these things are; and how, I would again ask, can it be shown the cause assigned is untrue, or the application is not credibly supported, *224 unless the Judge can inquire and hear proof. It is most clearly the meaning of the Statute, he may do so, else it means nothing, and is worse than nonsense. In the case of Gassaway vs. Smith, 8 Hum., 154, the Judge had refused the application, as in this case.
In that case, the application was to change the venue under the Act of 1825, whieh is, substantially, carried into the Code, and incorporated into the sections before referred to. This Court said: “How shall we say, in such a case, that the Circuit Court, when considering of this application, erred in believing the cause assigned not to be good, or the truth evident and credibly supported. There certainly are many things which the discretion of the Circuit Court must determine, and which may be safely left to be determined by it. There are many things done and transacted there, as to which, from their very nature, the supervision of this Court would be difficult, and could not be made effective. This, we think, is one of them.”
This, I believe, is the only authority upon this subject, to be found in our reports; and notwithstanding it expressly holds, that this is a proceeding in the Circuit Court, over which the supervision of this Court cannot be made effective, and must be determined by the Circuit Judge, in the exercise of a discretion conferred upon him by the Statute, where it may be safely left, the ruling of a majority of this Court, as I understand it, practically denies to the Circuit Judge, the exercise of any discretion whatever, and requires him to order the change of venue, whether or not, in his opinion, the truth of the ground of the application is evident *225 or credibly supported, if the application be made in conformity with the requirements of sec. 2837; and in such cases, if the Circuit Judge, in the exercise of the discretionary power conferred upon him by the Statute, refuses to order the change, this Court, in the exercise of its supervisory powers, will so far disregard the discretionary power of the Circuit Judge, as to reverse his action, upon the ground that it is erroneous.
When such a case as is contemplated by the Statute, is presented, the Circuit Judge ought, most certainly, in the exercise of the discretion given him, order the change asked for; but, should he refuse to do so, without stating his reasons, this Court cannot control that discretion, unless the case in 3 Hum., before referred to, be overruled.
It is argued, the Statute does not authorize the hearing of counter-affidavits. To this, I answer, they are not prohibited by the Statute, neither does it give the party a right, as a matter of course, to a change, upon a literal compliance, merely, with the terms of sec. 2837, something more must be done. The Court must, after mature consideration, be of opinion the cause is good, the truth thereof evident, and that it is credibly supported. It is evidently contemplated by sec. 2838, that the Judge shall examine, and inquire into, and consider of the truth of these matters, upon the filing of the affidavits, as required by sec. 2837. In my opinion, it is, at most, not such error as will authorize this Court to reverse, for the Circuit Judge to hear counter-affidavits, or to examine witnesses orally in Court, or in any manner to *226 avail himself of any information within his reach, touching these questions. Suppose the rule of construction which is applied in this case, is to prevail in criminal cases, it is easy to perceive that nine-tenths of the criminals of the State, will go unwhipped of justice, by changing the venue to a county different from that in which the witnesses of his crime reside, thus dragging them to a distant court for a few terms, until they are worn out in an expensive attendance.
Sec. 5195 of the Code, provides, that, “In criminal prosecutions, the venue may be changed, when, upon the application of a defendant, it is made to appear satisfactorily to the Court, that, from undue excitement against the prisoner in the county where the offense was committed, or any other cause, a fair trial could not probably be had. Now, it will not be questioned, although the Statute is silent as to the manner in which the application is to be made, or supported, but that the prisoner might offer his own affidavit, and those of such of his friends or confederates in crime as he might choose, stating the grounds of the application were true; and, under the ruling of this case, the Court could not look beyond or out of these affidavits, but would be compelled to grant the change. To a construction fraught with such consequences, I cannot assent.
It seems strange to me, that the Circuit Judge may arbitrarily refuse an application to change the venue; and in such case, no reason being assigned for his action, this Court will not reverse. Yet, if he institute an inquiry, for the purpose of eliciting information, by which *227 he may be guided in the intelligent exercise of his discretion, that, of itself, is such an error for which this Court will reverse.
It amounts to this — if the Circuit Judge, blindly and arbitrarily refuse the application, this Court cannot reverse; but, if he intelligently exercised the discretion, it is an error for which his action will be reversed.